IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00515-CMA-MEH

WOLF RESOURCES, LLC,

    Plaintiff,

v.

CODY DERNER,
COREY LINTON,
COLORADO REAL PROPERTY SOLUTIONS, LLC, and
CORE WEST ENERGY, LLC,

    Defendants.

---

## ORDER ENTERING CONSENT DECREE
---

This matter is before the Court upon the parties' Joint Motion for Entry of Consent Decree (Doc. # 41), which all parties executed on July 31, 2019 (Doc. # 41-1). For the following reasons, the Court grants the parties' Joint Motion for Entry of Consent Decree and enters the parties' Consent Decree.

### I.    BACKGROUND

Plaintiff Wolf Resources, LLC is a privately-held Colorado limited liability company "engaged in the acquisition, holding, exchange, and selling of oil and has mineral interests." (Doc. # 1 at 2–3.) According to Plaintiff, Defendant Cody Denton's entity, Defendant Colorado Real Property Solutions, LLC, became a member of Plaintiff in 2017. (*Id.* at 4.) While working for Plaintiff, Defendant Denton held the title of Vice

President of Acquisitions. (*Id.*) Defendant Corey Linton's entity, Core West Energy, LLC, became a member of Plaintiff in 2017. (*Id.*) While working for Plaintiff, Defendant Linton held the title of Vice President of Asset Management. (*Id.*) On March 1, 2018, all Defendants signed Plaintiff's Operating Agreement. (*Id.* at 5); *see* (Doc. # 1-1.) As of October 31, 2018, Defendants had membership interests in Plaintiff. (Doc. # 1 at 7.) On November 1, 2018, Defendants resigned from Plaintiff. (*Id.* at 9.) Plaintiff contends that prior to their resignations, Defendants "exfiltrated thousands, if not tens of thousands, of [Plaintiff's] files, including substantial amounts of . . . confidential and trade secret documents," failed to return those files, and "threatened to solicit [Plaintiff's] business relationships and compete against [Plaintiff]," all in violation of the Operating Agreement. (*Id.* at 9–11.)

Plaintiff brought suit against Defendants on February 21, 2019, alleging five claims for relief: (1) breach of contract; (2) misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(b); (3) misappropriation of trade secrets under Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-102(4); (4) unjust enrichment; and (5) tortious interference with contract. (*Id.* at 13–16.) Defendants deny Plaintiff's allegations and assert five counterclaims: (1) breach of contract; (2) violations of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et seq.*; (3) unjust enrichment; (4) fraud in the factum and in the inducement; and (5) a request for a declaratory judgment. (Doc. # 23 at 43–48.)

The parties participated in a settlement conference with United States Magistrate Judge Michael B. Hegarty on June 25, 2019. (Doc. # 39.) After 12 hours of

discussions, the parties resolved all claims and entered into a written Material Terms of Settlement agreement.  *See* (Doc. # 37.)  They report that Magistrate Judge Hegarty approved of the terms of the settlement.  (Doc. # 41 at 1.)  The parties finalized a formal settlement agreement in the weeks that followed.  *See* (Doc. # 37.)

The parties filed the Joint Motion for Entry of Consent Decree presently before the Court on July 31, 2019.  (Doc. # 41.)  They attach a proposed consent decree (the "Consent Decree") "embodying the terms of the settlement" that all parties executed on July 31, 2019.  (Doc. # 41-1.)  The parties request that the Court enter the Consent Decree as the Court's final order and judgment in this matter because "[o]ne of the terms of the settlement is that the 'Court will make the foregoing terms [of settlement] an order of the Court.'"  (Doc. # 41 at 1.)

## II.     LEGAL STANDARD

"A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating."  *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–29 (1986).  A consent decree that is entered in federal court "must be directed to protecting federal interests."  *Frew ex rel. Frew v. Haskins*, 540 U.S. 431, 437 (2004).  In *Firefighters*, the Supreme Court held that a federal consent decree must: (1) "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction;" (2) "come within the general scope of the case made by the pleadings;" and (3) "further the objectives of the law upon which the complaint was based."  478 U.S. at 525.

The Court may either "approve or deny the issuance of a consent decree." *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991) (citing *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985)). The Court of Appeals for the Tenth Circuit has explained:

> Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved.

*Id.* (citing *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981)); *E.E.O.C. v. RCH Colorado, LLC*, No. 15-cv-02170-RM-NYW, 2016 WL 9735737, *2 (D. Colo. July 5, 2016).

If the Court is not satisfied that a consent decree fulfills these criteria, the Court generally "is not entitled to change the terms of the agreement stipulated to by the parties." *Id.* (citing *Berger*, 771 F.2d at 1568). "If deficiencies are found, it is proper for the district court to advise the parties of its concerns and allow them to submit a revised decree." *United States v. Weiss*, No. 11-cv-02244-RM-MJW, 2013 WL 5937912, *2 (D. Colo. Nov. 6, 2013) (citing *State of Colo.*, 937 F.2d at 509).

### III. ANALYSIS

The Court approves of the parties' Consent Decree. First, upon review of Plaintiff's Complaint (Doc. # 1) and Defendants' Answer and Counterclaims (Doc. # 23) and the Consent Decree (Doc. # 41-1) itself, the Court finds that the Consent Decree is directed to protecting federal interests, in so far as the Consent Decree resolves a dispute within the Court's subject-matter jurisdiction, is within the general scope of the

case made by the parties' pleadings, and further the objectives of the laws upon which Plaintiff's claims and Defendants' counterclaims are based. *See Firefighter*, 478 U.S. at 525.

Second, there is no evidence to suggest that the parties' settlement and the Consent Decree "embodying the terms of the settlement" is illegal, a product of collusion, or against the public interest. (Doc. # 41); *see State of Colo.*, 937 F.2d at 509. The parties negotiated the settlement under the guidance of Magistrate Judge Hegarty during a lengthy settlement conference. *See* (Doc. # 39.) Magistrate Judge Hegarty approved of the terms of the parties' agreement and made a record in support of it. *See* (*id.*) His involvement in the settlement negotiations and his approval of the settlement strongly suggests that the settlement is legal, was reached legitimately, and furthers the public interest.

Third and finally, the Consent Decree is fair, adequate, and reasonable. *See State of Colo.*, 937 F.2d at 509. That the parties agreed upon the terms of their agreement during Magistrate Judge Hegarty's settlement conference suggests that the negotiation process was candid and open and that the parties' bargaining positions were relatively balanced—in short, that the negotiation process was procedurally fair. *See Weiss*, 2013 WL 593912 at *2 (quoting *United States v. Cannons Eng'g Corp.,* 899 F.2d 79, 86 (1st Cir. 1990)) ("To measure procedural fairness, a court should look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance.") The terms of the Consent Decree are also substantively fair, incorporating "concepts of corrective justice and accountability" for all parties. *See id*. It is adequate

5

in that it accomplishes the goals of the parties to finally and completely resolve their dispute. And the Consent Decree is reasonable; it is in the public interest and upholds the objectives of the laws pursuant to which the parties raise their claims. See id.

Accordingly, the Court concludes that the Consent Decree is satisfactory. *See State of Colo.*, 937 F.2d at 509.

## IV. CONCLUSION

Based on the foregoing, the Court APPROVES the Consent Decree (Doc. # 41-1). It is

FURTHER ORDERED that the parties' Joint Motion for Entry of Consent Decree (Doc. # 41) is GRANTED. It is

FURTHER ORDERED that all the provisions in the Consent Decree (Doc. # 41-1) are hereby incorporated by reference, approved, granted and expressly made an order of this Court. It is

FURTHER ORDERED that the Consent Decree shall constitute a final judgment of the Court as to all claims in this litigation. This matter is DISMISSED with prejudice, subject to the terms and the conditions of the Consent Decree. It is

FURTHER ORDERED that the Court will retain continuing jurisdiction over this case for the purpose of resolving disputes under the Consent Decree and effectuating or enforcing compliance with the terms of the Consent Decree. It is

FURTHER ORDERED that the parties shall bear their respective costs and attorney fees incurred in reaching their settlement.

DATED: August 5, 2019

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge